Submitted on record and briefs April 6, reversed in part; otherwise affirmed
May 23, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK LEE JACKSON,
*Appellant.*

97010119A, 97020257, 98020443FA;
A107781 (Control), A107782, A107783
(Cases Consolidated)

25 P3d 413

David E. Groom, Public Defender, and Steven V. Humber, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

■ Defendant was charged with delivery of a controlled substance, possession of a controlled substance, and delivery of a controlled substance within 1,000 feet of a school. He pleaded not guilty to all three charges and waived a jury trial. At trial, the state produced evidence that defendant sold methamphetamine from his house and that police had found at his house two packages of methamphetamine, scales, and packing materials. There was, however, no evidence of where defendant's house was located in relation to any school. Defendant moved for a judgment of acquittal on the charge of delivery of a controlled substance within 1,000 feet of a school, which the trial court denied. Defendant then was convicted of all three charges.

■ On appeal, defendant assigns error to the denial of the motion for a judgment of acquittal on the charge of delivery of a controlled substance within 1,000 feet of a school. The state concedes that the record contains no evidence of the location of defendant's home in relation to any school. We accept the state's concession. ORS 475.999(1) provides that, subject to exceptions not pertinent to this case, it is unlawful to manufacture or deliver a Schedule I, II, or III substance "within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors." The location of the manufacture or delivery in relation to a school is thus an essential element of the offense. There being no evidence of that essential element, the trial court erred in denying defendant's motion for a judgment of acquittal.

Conviction for delivery of controlled substance within 1,000 feet of school reversed; otherwise affirmed.